```
                IN THE UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF ARKANSAS
                           CENTRAL DIVISION


  UNITED STATES OF AMERICA,

                    Plaintiff,      No. 4:19CR00117-BRW-2


  v.


  TERRANCE DEANDRE JACKSON,         Wednesday, February 2, 2022
                                    Little Rock, Arkansas
                                    10:38 a.m.
                    Defendant.


                  TRANSCRIPT OF SENTENCING HEARING
             BEFORE THE HONORABLE BILLY ROY WILSON,
                    UNITED STATES DISTRICT JUDGE


APPEARANCES:

On Behalf of the Plaintiff:

    MS. ANNE E. GARDNER, Assistant United States Attorney
       United States Attorney's Office
       Eastern District of Arkansas
       Post Office Box 1229
       Little Rock, Arkansas 72203-1229


On Behalf of the Defendant:

    MR. JACK R. KEARNEY, Attorney at Law
       Kearney Law Office
       300 South Spring Street, Suite 612
       Little Rock, Arkansas  72201


Defendant present



    Proceedings reported by machine stenography.  Transcript
prepared utilizing computer-aided transcription.
```

|     |                                                                     |
| --- | ------------------------------------------------------------------- |
| 1   | P R O C E E D I N G S                                               |
| 2   | THE COURT: We're here today for sentencing in USA                   |
| 3   | against Terrance Jackson.                                           |
| 4   | Are you Mr. Jackson?                                                |
| 5   | THE DEFENDANT: Yes, sir.                                            |
| 6   | THE COURT: Okay. Case No. 4:19CR00117. Mr. Jackson                  |
| 7   | is here with his lawyer, Mr. Kearney. The prosecution is            |
| 8   | represented by Ms. Gardner.                                         |
| 9   | Are the parties ready?                                              |
| 10  | MS. GARDNER: The government is ready, Your Honor.                   |
| 11  | MR. KEARNEY: We're ready, Your Honor.                               |
| 12  | THE COURT: All right. I'll give the background. On                  |
| 13  | July 12, 2021, Mr. Jackson pled guilty to Count 1 of the            |
| 14  | superseding indictment, which charged him with conspiracy to        |
| 15  | possess with the intent to distribute heroin, in violation of 21    |
| 16  | United States Code, Sections 846 and 841(a)(1) and (b)(1)(C).       |
| 17  | This offense occurred on or about October 2018 through August 6,    |
| 18  | 2019. There was a plea agreement.                                   |
| 19  | Is there a motion for a third point?                                |
| 20  | MS. GARDNER: Yes, Your Honor.                                       |
| 21  | THE COURT: Granted.                                                 |
| 22  | Mr. Jackson, are you satisfied with Mr. Kearney as your             |
| 23  | lawyer?                                                             |
| 24  | THE DEFENDANT: Yes, sir.                                            |
| 25  | THE COURT: A hundred percent?                                       |

```
1                THE DEFENDANT:  Yes, sir.
2                THE COURT:  All right.  If you had any problems with
3    him, this would be your last chance to tell me.  Do you
4    understand that?
5                THE DEFENDANT:  Correct.
6                THE COURT:  All right.  Do you think there's any
7    reason you should be allowed to withdraw the plea of guilty that
8    you entered earlier?
9                THE DEFENDANT:  No, sir.
10               THE COURT:  Do you want to withdraw it?
11               THE DEFENDANT:  No, sir.
12               THE COURT:  All right.  In determining a sentence I'll
13   consider the factors listed in 18 United States Code,
14   Section 3553, the sentencing guidelines and the other matters
15   before the Court, including the plea agreement.
16        Have both sides had all the time they needed to go over the
17   presentence report?
18               MS. GARDNER:  Yes, Your Honor.
19               MR. KEARNEY:  On behalf of the defendant, yes, Your
20   Honor.
21               THE COURT:  Are there any objections?
22               MS. GARDNER:  No, Your Honor.
23               MR. KEARNEY:  We have none.
24               THE COURT:  All right.  I'll adopt it.  If either side
25   appeals my sentence, it will be released to the lawyers of
```

1  record without further orders of the Court.
2      This is my outline.  Y'all follow along with me and correct
3  me if I get it wrong.  The base offense level under the
4  guidelines is 30 plus 2 because Mr. Jackson threatened the use
5  of violence, plus 4 because he was a leader in criminal activity
6  that involved five or more participants, minus 3 for acceptance.
7  That puts us at a total offense level of 33.      According
8  to the presentence report, his total criminal history score is
9  5, which puts him in criminal history category III.
10      The maximum statutory term of imprisonment is ten years to
11 life.  The guidelines, based on a total offense level of 33 and
12 a criminal history category of III, the guideline imprisonment
13 range is 168 to 210 months.
14      Supervised release under the statute is five years to life,
15 same under the guidelines.
16      Probation is not applicable.
17      There will be no fine since the financial report indicates
18 he could not pay a lump sum or installment fine.
19      Are there any objections to my interpretation of the
20 sentencing options?
21          MS. GARDNER:  No, Your Honor.
22          MR. KEARNEY:  No, Your Honor.
23          THE COURT: All right.  Mr. Kearney, I'll let you come
24 to the lectern and speak on behalf of your client.  He can
25 remain seated if he wants to, or he can come to the lectern.

1  It's up to him.
2            MR. KEARNEY:  Your Honor, he wants to address the
3  Court.  I don't know if you want him standing or sitting to do
4  so.
5            THE COURT:  Okay.  He can do it right there if he will
6  drop his mask and speak right into the microphone.  We'll let
7  him go first.
8            THE DEFENDANT:  Good morning.
9            THE COURT:  Good morning.
10           THE DEFENDANT:  I would like first to thank you all
11 for being here today, everybody, my family.  Can I stand?
12           THE COURT:  I'm going to be looking over here because
13 I have a transcript of what you say to make sure I hear
14 everything.
15           THE DEFENDANT:  Yes, sir.  First I would like to
16 apologize to my family, the Court, on behalf of my actions.  I
17 would like to take responsibility today.  I come with a sound
18 mind and a humble heart.  And I will do everything I need to do
19 to get back to society to remain with my family.  I have kids
20 that I need to be with to take care of and be successful when I
21 return home.  I have plans.  I have elderly parents that also
22 needs me.  And I want to take this time to thank them for all
23 the support that they have given me since I've been incarcerated
24 over these past 30 months.  Thank you.
25           THE COURT:  I appreciate your family being here.

1   Having family support gives you a much better opportunity that
2   you will go on the straight and narrow when you get out.
3              THE DEFENDANT:  Yes, sir.
4              THE COURT:  Mr. Kearney, I'll hear from you.  If you
5   don't mind, come to the lectern.
6              MR. KEARNEY:  I will, Your Honor.
7        Your Honor --
8              THE COURT:  You will need to drop your mask when you
9   are talking, or I won't be able --
10             MR. KEARNEY:  Thank you for the opportunity to come
11  before you, Your Honor.  My remarks will be brief.  My client
12  was born and raised in Dumas, Arkansas, down close to where I
13  grew up in Gould, Arkansas.  There isn't much there to promote a
14  life of any kind of comfort, so my client fell into the wrong
15  habits there.  It led to more bad habits.  Quite frankly, Judge,
16  I would like -- we have worked out a cooperation agreement in
17  this case.  I anticipate my client and I would like to come back
18  and argue his fate after that.
19             THE COURT:  All right.  Thank you very much.
20             MR. KEARNEY:  Thank you.
21             THE COURT:  I'll hear from the prosecution.
22             MS. GARDNER:  Your Honor, Mr. Jackson was involved
23  with Chico Russell at a fairly high level in this case, which is
24  already reflected in the guideline range.  I believe that the
25  guideline range is accurate, Your Honor, and takes into account

1  all of the conduct in the case, including his position in the
2  conspiracy and some of the other conduct that took place on the
3  wire.  We do recognize that Mr. Jackson himself did not express
4  that he was going to actually murder or hurt anybody, but he was
5  involved in a conversation with Mr. Russell, who intended to do
6  so.  So for that reason, Your Honor, he is taking responsibility
7  for that threat of violence not because he intended to commit it
8  himself, but he did conspire and enable Mr. Russell to try to do
9  that.
10       So, Your Honor, we would like to come back at a future time
11 as well with Mr. Kearney and complete the argument regarding the
12 cooperation.  But for now we would submit that the guideline
13 range is appropriate.
14            THE COURT:  Thank you.
15       How many years is 168 months?
16            MS. GARDNER:  Less than 15 because that's 180.
17            THE COURT:  Do you see anything wrong with 168 months,
18 prosecution?
19            MS. GARDNER:  No, Your Honor.  It's 14 actually, Your
20 Honor.
21            THE COURT:  All right.  Based on the Sentencing Reform
22 Act of '84 and considering the provisions found in 18 United
23 States Code, Section 3553, and all the other matters before the
24 Court, Mr. Jackson is committed to the custody of the Bureau of
25 Prisons to be imprisoned for a term of 168 months.

Upon release from imprisonment he will be on supervised release for five years.  He will have to report to the probation office in the district to which he is released within 72 hours of release from the custody of the Bureau of Prisons, and he would have to comply with all mandatory and standard conditions that are in effect.

He will have to participate in a substance abuse treatment program under the guidance and supervision of the probation office.  This program may include drug and alcohol testing, outpatient counseling, residential treatment.  He can't use any alcohol during treatment.  He must pay for the costs of treatment at the rate of $10 per session with the total costs not to exceed $40 a month, and that is based on his reasonable ability to pay.  If he's not able to financially, that charge will be waived.  He will have to cooperate in the collection of DNA as directed by the probation office.

No fine.  A hundred dollar special assessment is mandatory in this case and is hereby imposed.

Is there any objection to the form of the sentence?

MR. KEARNEY:  Not for the defendant.

MS. GARDNER:  No, Your Honor.

THE COURT:  Mr. Jackson, you have a right to appeal your conviction if you believe that your guilty plea was somehow involuntary or if there's some other fundamental defect in the proceeding that was not waived by your guilty plea.  You also

1  have a statutory right to appeal your sentence under certain
2  circumstances, particularly if you think your sentence is
3  contrary to law.  With very few exceptions, a notice of appeal
4  must be filed within 14 days of judgment being entered in your
5  case.  If you can't pay the costs of an appeal, you can apply
6  for leave to appeal as a pauper.  If you ask, the clerk of the
7  Court will prepare and file a notice of appeal on your behalf.
8       Is there anything else that we need to tend to?
9           MR. KEARNEY:  Not for the defendant, Your Honor.
10          MS. GARDNER:  No, Your Honor.
11          THE COURT:  We are in recess.  You can be at ease.  Be
12 at ease.  We're in recess.
13      I appreciate the family being here.
14      (Proceedings concluded at 10:51 a.m.)
15                    REPORTER'S CERTIFICATE
16    I certify that the foregoing is a correct transcript from
   the record of proceedings in the above-entitled matter.
17
18 /s/Elaine Hinson, RMR, CRR, CCR     Date:  September 23, 2022.
   United States Court Reporter
19
20
21
22
23
24
25